1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joel D. Voelzke (State Bar No. 179,296)
Joel@Voelzke.com
Intellectual Property Law Offices of Joel Voelzke, A P.C.
24772 W. Saddle Peak Road
Malibu, CA  90265
Tel: (310) 317-4466
Fax: (310) 317-4499

Attorneys for Defendant New Dream Network, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>IWEB GROUP, INC., a Canadian company d/b/a/ iWeb.com; IWEB INTELLECTUAL PROPERTY, INC., a Canadian company d/b/a iWeb.com; IWEB TECHNOLOGIES, INC., a Canadian company d/b/a/ iWeb.com; NEW DREAM NETWORK, LLC, a California limited liability company; and DOES 1 through 100, inclusive<br><br>                    Defendants. | Case No.:  13CV0328 BTM BLM<br><br>**NOTICE OF RELATED CASES**<br><br>Local Rule 40.1<br><br><br>Courtroom:        15B<br>Judge:            Hon. Barry Ted Moskowitz |

TO THE HONORABLE COURT:

Defendant New Dream Network, LLC ("NDN") submits this notice of related cases pursuant to Local Rule 40.1.f and 40.1.g in order to alert the Court to several cases related to this one that were previously filed or currently pending in the Central District of California.

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

1    This case involves Plaintiff Perfect 10's claims of copyright infringement

2    brought against NDN which is an Internet service provider ("ISP"), specifically, a

3    website hosting company and domain name registrar, as well as other defendants

4    identified in the complaint as "the iWeb Defendants," at least some of which are

5    apparently also website hosting companies.   Perfect 10 seeks to hold the defendants

6    liable for their roles as ISPs and thus as intermediaries or other service providers based

7    on underlying alleged infringement by their customers who are the operators of the

8    websites at issue.  Perfect 10's complaint against NDN appears to be based on nothing

9    more than an allegation that NDN was the domain registrar for two domain names,

10   combined with Perfect 10's speculation that NDN may have some additional but

11   unknown connection to the defendants who operate or host websites at those domains.

12   Perfect 10 has filed several other cases in the Central District of California

13   against ISPs involving similar factual allegations and causes of action (and defenses),

14   the most recent of which are the following:

15   | Case Name | Case No. |
16   | --- | --- |
     | *Perfect 10, Inc. v. Giganews, Inc.*, | 11-cv-07098 AHM-SH |
17   | (transferred from S.D. Cal.) | |
18   | *Perfect 10, Inc. v. Amazon.com* | 05-CV-5156 AHM-SH |
19   | *Perfect 10, Inc. v. Microsoft Corp.* | 07-CV-5156 AHM-SH |
20   | *Perfect 10, Inc. v. Google, Inc.* | 04-CV-9484 AHM-SH |

21   Each of these cases is assigned to the Honorable A. Howard Matz.  The

22   *Giganews* case which is still pending was transferred from the Southern District of

23   California to Judge Matz.  Perfect 10's counsel in that case, Eric Benink, is Perfect 10's

24   lead counsel in the instant case.  These five cases call for determination of the same or

25   substantially related or similar questions of law and fact, and would entail substantial

26   duplication of labor if heard by different judges.  Additionally, the instant case involves

27   many, if not all, of the same copyright works asserted by Perfect 10 in at least the

28

2

pending *Giganews* case.  The approximately 1050 copyright registrations asserted by Perfect 10 in the *Giganews* case appear to be subsumed within the approximately 1260 copyright registrations asserted in this case.  At least the first 60 entries in each list of copyright properties at issue are identical.

In the *Giganews* case, the defendants moved for dismissal under Rule 12(b)(6) for failure to state a claim, in view of Perfect 10's largely conclusory allegations against those ISPs unsubstantiated by actual facts.  Just several days ago, on March 8, 2013, Judge Matz issued a thoughtful 24-page ruling on the motion to dismiss, analyzing in great depth the current standard in the law under *Twombly/Iqbal* and some unclarity in that case law for pleading direct copyright infringement, inducement to infringe, contributory infringement and other causes of action asserted by Perfect 10 against the ISPs in that case, and applying those standards to Perfect 10's pleadings. *See* Civil Minutes – General, *Perfect 10, Inc. v. Giganews, Inc.*, No. 11-cv-07098 (C.D. Cal. March 8, 2013) (Docket No. 97) (dismissing with leave to amend most of Perfect 10's causes of action).  Direct copyright infringement, inducement to infringement, and contributory infringement are the same causes of action that Perfect 10 asserts against ISP NDN in the instant case.

The *Google* case was pending for approximately seven years.  In additional to involving the same claims brought by Perfect 10 against another ISPs for their roles as an intermediaries, the *Google* Court ruled on the merits of several of the parties' claims and defenses, and resolved numerous discovery disputes that are likely to be relevant in this case if this case proceeds.  In addition to important rulings on the substance of Perfect 10's claims, the *Google* Court has also made several rulings concerning application of the safe harbor provided by the Digital Millenium Copyrights Act, which will be a key issue if this case progresses.  *See, e.g.,* Civil Minutes – General, *Perfect 10, Inc. v. Google, Inc.*, No. 04-cv-9484, C.D. Cal. July 26, 2010 (Docket No. 937) (granting in part and denying in part Google's Motion for Partial Summary Judgment

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZEL, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

3

of Entitlement to Safe Harbor for its Web and Image Search, Docket No. 456; Granting Google's Motion for Partial Summary Judgment for its Caching Feature, Docket No. 458; and granting Google's Motion for Partial Summary Judgment of Entitlement to Safe Harbor for its Blogger Feature, Docket No. 457).

Because the instant case involves closely similar factual issues, and involves many of the same legal claims asserted by Perfect 10 against ISPs in the four cases identified above, Defendant NDN requests that this case be transferred to the Honorable A. Howard Matz pursuant to Local Rule 40.1 as being related to other Perfect 10 cases over which Judge Matz has presided.

INTELLECTUAL PROPERTY LAW OFFICES OF  JOEL VOELZKE, A P.C.

DATED:  __March 11____, 2013

___s/Joel D. Voelzke_____
Joel D. Voelzke
Attorneys for Defendant
NEW DREAM NETWORK, LLC

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

4

**PROOF OF SERVICE**

I, the undersigned, am at least 18 years old and am not a party to this action.  My business address is 24772 W. Saddle Peak Road, Malibu, CA  90265. I hereby certify that on this day of March 11, 2013 I served the following documents:

**NOTICE OF RELATED CASES**

☒ **BY ELECTRONIC SERVICE VIA CM/ECF.** I served the foregoing to the attorneys of record by electronic mail via the Court's CM/ECF electronic filing system by filing these papers with the CM/ECF electronic filing system which automatically sends electronic mail to all counsel of record registered with the Court for this case who have consented to service by email via this system.

By: _____s/ Joel D. Voelzke_____
Joel Voelzke

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

5

**13-CV-0328 BTM**
**NOTICE OF RELATED CASES**