ANDREW P. BRIDGES (CSB No. 122761)
ILANA S. RUBEL (CSB No. 221517)
LIWEN MAH (CSB No. 239033)
KATHLEEN LU (CSB No. 267032)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

WILLIAM H. SHAWN
JAMES E. KING (CSB NO. 90103)
SHAWNCOULSON, LLP
1850 M St., NW. Suite 280
Washington, DC 20036
Telephone: (202) 331-7900
Facsimile: (202) 403-3747

Attorneys for Defendants
IWEB GROUP, INC.,
IWEB INTELLECTUAL PROPERTY, INC.,
and IWEB TECHNOLOGIES, INC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>IWEB GROUP, INC., a Canadian company d/b/a/ iWeb.com; IWEB INTELLECTUAL PROPERTY, INC., a Canadian company d/b/a iWeb.com; IWEB TECHNOLOGIES, INC., a Canadian company d/b/a/ iWeb.com; and DOES 1 through 100, inclusive<br>Defendants. | Case No. 13 CV 0328 BTM BLM<br><br>**DEFENDANTS' OBJECTIONS TO THE DECLARATION OF NORMAN ZADA (DKT. NO. 24-3) AND ITS EXHIBITS (DKT. NO. 24-4), AND EXHIBIT 1 (DKT. NO. 24-2) TO THE DECLARATION OF NATALIE LOCKE (DKT. NO. 24-1)**<br><br>Judge: Hon. Barry Ted Moskowitz<br>Court: 15B<br>Date:   June 28, 2013<br>Time:  11:00 A.M.<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY COURT |

DEFENDANTS' OBJECTIONS TO ZADA
DECL. AND EXHS., AND TO EXHIBIT 1
OF LOCKE DECL.

1

Case No. 13 CV 0328 BTM BLM

iWeb Group, Inc., iWeb Intellectual Property, Inc., and iWeb Technologies, Inc. (collectively "Defendants") hereby object to the Declaration of Norman Zada ("Zada Decl.," Dkt. No. 24-3) as they detail below.  They also object to the "Ward Exhibit" (Dkt. No. 24-2), which is Exhibit 1 to the Declaration of Natalie Locke (Dkt. No. 24-1).  Defendants further object to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Amended Complaint ("Opposition," Dkt. No. 24) to the extent that it refers to or relies on the Zada Declaration or Ward Exhibit.

I.   **INTRODUCTION**

Defendants filed their motion to dismiss, on both jurisdictional and substantive grounds, on April 19, 2013 [Dkt. No. 14].  On May 30, 2013, Perfect 10 filed with its opposition to the motion to dismiss an eleven-page Zada Declaration and the Declaration of Natalie Locke, which incorporated a four-page Ward "Declaration" as an exhibit.

The Zada Declaration contains hearsay, speculation, or other information for which he has no personal knowledge, and information that is immaterial to the question of whether Perfect 10's amended complaint states a claim. The Ward Exhibit is not only hearsay, but speculative hearsay.  As discussed below, the Court should strike or refuse to give weight to both Mr. Ward's speculations and Dr. Zada's baseless or immaterial information and documents, as well as the related discussion or arguments in Perfect 10's papers.

It is fundamental that, in deciding whether a plaintiff has stated a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence." *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)); *see also BioResource, Inc. v. U.S. Pharmaco Distribution, Ltd.*, No. 10-1053, 2010 WL 2763681, at *4 (N.D. Cal. July 13, 2010)

DEFENDANTS' OBJECTIONS TO ZADA DECL. AND EXHS., AND TO EXHIBIT 1 OF LOCKE DECL.

2

Case No. 13 CV 0328 BTM BLM

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(striking plaintiff's declaration because it constituted matters outside the complaint).

A court may consider material that is part of the complaint or that is in the public record. *See Lee*, 250 F.3d at 688. Courts may also consider documents incorporated by reference where the complaint necessarily relies upon a document and the document's relevance and authenticity are undisputed. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1169 (S.D. Cal. 2010) (striking screenshots as extrinsic evidence to a motion to dismiss); *O'Connell-Babcock v. Multnomah County, Or.*, No. 08-459, 2009 WL 1139441, at *4-5 (D. Or. Apr. 24, 2009) (refusing to consider a declaration in opposition to a 12(b)(6) motion). Here, however, those exceptions do not apply to most of the Zada Declaration.

Furthermore, while the Court may consider evidence outside the Complaint for jurisdictional purposes, much of the "evidence" the Declarations introduce are inadmissible, and the Court should not consider them. *See SDS Korea Co., Ltd. v. SDS USA, Inc.*, 732 F. Supp. 2d 1062, 1070, 1073 (S.D. Cal. 2010).

## II.  SPECIFIC OBJECTIONS

### A.  Ward Exhibit; Opp. at 11:10-12, 14:20-22, 15:11-17.

Because the entire Ward Exhibit is extrinsic to the pleadings, and is also hearsay that lacks foundation, the Court should strike and disregard it.

The Locke Declaration states that Perfect 10 filed the Ward Exhibit as a declaration in the United States District Court of the District of Columbia. The Ward Exhibit is also not appropriate for judicial notice as a matter of public record. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so *not for the truth of the facts recited* therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis added) (quotation marks omitted). Here, Perfect 10 asks the court to

DEFENDANTS' OBJECTIONS TO ZADA
DECL. AND EXHS., AND TO EXHIBIT 1
OF LOCKE DECL.

3

Case No. 13 CV 0328 BTM BLM

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

accept not *another court's opinion* but *Perfect 10's own filing* in another court. And it does so to try to invoke the truth of the facts allegedly recited in its own filing elsewhere, a classic bootstrapping hearsay violation.

The sections of the Exhibit Perfect 10 relies upon are hearsay, speculation, and without foundation. Perfect 10 relies on statements in the Ward Exhibit to argue that Defendants have control over third-party websites that Perfect 10 alleges infringe its copyrights, Opp. at 15-17, but the Ward Exhibit states only that "in some cases," some web hosts, not Defendants in particular, are "able to remove certain image files." Ward Ex. ¶ 4.  Even assuming Mr. Ward in fact made these statements, they are sheer speculation about "some" web hosts generally, and the statements lack foundation and have no reliability, relevance or probative value here. Mr. Ward similarly speculates as to the existence and content of hypothetical "standard" server logs that "typically" exist, with no bases for those speculations. *See* Ward Ex. ¶ 6.  Based on this speculation, Perfect 10 falsely contends that Defendants "would known from their server logs" if Californians have downloaded allegedly infringing images from websites that use servers from Defendants.  Opp. at 11:10-12; *see also* Opp. at 14:20-22.  The Court should strike and disregard these speculations and Perfect 10's arguments in reliance on them.

Perfect 10 also attempts to rely on the Ward Exhibit as testimony defining legal terms in the Copyright Act.  Opp. at 15:11-17.  Mr. Ward is not a legal expert[1] and the Court should strike and disregard his personal definitions of the legal terms "distribute" and "display."  Ward Ex. ¶ 5, 7.

---

[1] To the extent that Perfect 10 offers the Ward Exhibit as expert technical opinion, Defendants further object that the opinions are unhelpful and improper speculation because Mr. Ward has no personal knowledge of Defendants' systems and does not make statements specific to Defendants.  Defendants further object that Mr. Ward is not qualified to offer those opinions.  *See* Fed. R. Evid. 701, 702.

DEFENDANTS' OBJECTIONS TO ZADA
DECL. AND EXHS., AND TO EXHIBIT 1
OF LOCKE DECL.

4

Case No. 13 CV 0328 BTM BLM

### B. Zada Declaration ¶¶ 4-8, Ex. 1-5; Opp. 2:22-23, 4:17-22, 5:12-23, 13:3-4.

The Court should strike and disregard these paragraphs and exhibits because they are immaterial to the jurisdictional question, are outside the pleadings, and have no basis in personal knowledge. They are immaterial because none of the exhibits show that Defendants do business *in* California. They do not even show that Defendants do business *in* the United States, as opposed to *with* United States residents. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1226 (9th Cir. 2011) (no general jurisdiction over out-of-state website operator that allegedly posted copyrighted photos where defendant has "no offices, real property, or staff in California, is not licensed to do business in California, and pays no California taxes").

In addition, with paragraph 4 and Exhibit 1, Dr. Zada falsely implies that Defendants have a Washington D.C. office when Dr. Zada has no personal knowledge of any such fact. Indeed, Perfect 10 knows full well that Defendants do not have any offices, employees, or real property in Washington, D.C. or anywhere else in the United States. After Perfect 10 sued Defendants in the United States District Court for the District of Columbia, Defendants filed a motion to dismiss and a declaration stating that they had no employees or equipment in the District of Columbia and that the Washington address was for the offices of Defendants' attorney. *See Perfect 10, Inc. v. iWeb Group, Inc.*, No. 12-cv-1797, Dkt. No. 12-5 ¶ 4 (D.D.C. Dec. 21, 2012). **Perfect 10 then dismissed the D.C. action.** *See* Opp. 3:8-13. Perfect 10's own actions in dismissing the action there to file this action in this District demonstrate that *it knew Defendants did not in fact have a physical presence in Washington, D.C. and that the D.C. court lacked personal jurisdiction*. Perfect 10 attempts to defraud the Court by recycling this false claim.

### C. Zada Declaration ¶ 9, Exh. 6.

The Court should strike and disregard this material as extrinsic to the pleadings, hearsay, and lacking foundation. Even Perfect 10 deems this material immaterial to the pending motion as it did not cite it even once in its opposition to Defendants' motion to dismiss. Furthermore, Dr. Zada has no personal knowledge as to any of this information. He admits he printed pages 1-6 from third-party websites, which makes them also hearsay, and the information on pages 7-9 is quite dated, between two and five years old.

### D. Zada Declaration ¶ 10, Exh. 7; Opp. 4:17-22, 9:25-28, 11:4-6, 12:11-12.

The Court should strike and disregard this information as hearsay, lacking foundation, and immaterial. First, Dr. Zada has no personal knowledge as to any of this information as he admits he printed the information from third-party websites. Even assuming, for the sake of argument, that the information on these websites is correct, it is still immaterial.

Page 1 of Exhibit 7 states that in ***2005, eight years ago,*** Vlad Levykin, the registrant of the imagevenue.com domain name, gave an address in Encino, California for registration purposes. Assuming, as Dr. Zada does, that the registrant was truly the owner of the domain and not a mere agent, and that the registrant actually resided at the location given eight years ago, there is no information as to who operated the website or the location of the operator. Perfect 10 also offers no reason why information on that domain registration from eight years ago would be relevant today, or what the content of the domain was eight years ago. Furthermore, Dr. Zada claims, based on pages 4-5 of Exhibit 7, that the owner of the imagevenue.com domain used Defendants' servers beginning in 2007. Page 2 of Exhibit 7 shows that, as of July 2012, the new registrant of the imagevenue.com, Hotfin Ltd., provided an address in Roseau, Dominica. Thus, even assuming that all of the information on these documents is correct, all they would show would be

that, since 2007, Defendants may have a customer operating a server at a domain that is owned by a person with ties to Dominica.  These documents do not indicate in any way that the 2005 operator of the website had any relationship with Defendants.

Dr. Zada claims that pages 6-13 and 15-20 of Exhibit 7 relate to websites at picfoco.com and hotlinkimage.com.  But the only relationship to *California* that the Complaint alleges is that New Dream Network, *the defendant Perfect 10 dismissed to avoid Rule 11 sanctions*, is located in California.  Compl. ¶ 4.  Even assuming that the information on pages 6-13 of this exhibit is true, it shows nothing more than that those websites had, in 2012, an arm's-length business relationship with New Dream Network, a California company.

Page 14 is completely immaterial as the Complaint makes no mention of cocoimage.com at all.

Pages 21-23 again are immaterial, as the information on those pages, even if taken as true, indicate no relationship with California at all.

### E.   Zada Declaration ¶¶ 11-13; Exhs. 8-9; Opp. 11:12-15, 18:25-28.

The Court should strike and disregard this material as outside the pleadings. Dr. Zada claims that Exhibit 8 contains "selected pages" from his communications with iWeb.  Such cherry-picking cannot provide a document whose "authenticity is not contested."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted).

Dr. Zada's alterations to these documents are also plainly outside the pleadings.  Although the Complaint relies on allegations about these documents, Perfect 10 did not attach the documents themselves to the Complaint, and the authenticity of Dr. Zada's new characterization of these documents is certainly in dispute.  Dr. Zada's personal opinions as to these communications and what they represent are also wholly immaterial and are nothing more than an attempt to

amend to Complaint without seeking leave.[2]  The Court should also strike Dr. Zada's personal opinions about third-party websites and technical matters as both improper and outside the pleadings.

### F. Zada Declaration ¶ 14; Exh. 10; Opp. 18:25-28.

This paragraph and exhibit are both entirely outside the pleadings and immaterial.  Perfect 10 relies on this extrinsic material solely for the merits of its copyright claims.  Opp. at 18.  This material is also self-contradictory.  Dr. Zada first claims that iWeb "hosted" these websites, then claims that they are "hosted" in a variety of locations, none of the Montreal, Canada (and also none of them in California).  The Court should strike and disregard this material.

### G. Zada Declaration ¶ 15, Exh. 11.

These documents and Dr. Zada's statements regarding the circumstances surrounding the communications are wholly outside the pleadings.  Further, the exhibit at issue is immaterial to the issues of sufficiency of the pleadings or existence of jurisdiction, and if anything shows that iWeb sought to address any alleged infringement by forwarding Dr. Zada's communication to actual operators of the websites he complained about and advising Dr. Zada to seek a court judgment against the website operators if he and the operators disagreed as to whether the website operators were engaged in infringing acts.

### H. Zada Declaration ¶ 16, Exh. 12; Opp. 5:1-6, 5:23-24, 19:4-5, 24:3-5.

The Court should strike and disregard this paragraph and exhibit because they are extrinsic to the pleadings, are immaterial, and lack foundation, and also because the exhibit is hearsay.  First, Dr. Zada has no personal knowledge as to any

---

[2] To the extent Perfect 10 attempts to introduce these statements as expert or lay opinions, Defendants further object that the opinions are not helpful and that Dr. Zada is not qualified to offer those opinions.  *See* Fed. R. Evid. 701, 702.

DEFENDANTS' OBJECTIONS TO ZADA
DECL. AND EXHS., AND TO EXHIBIT 1
OF LOCKE DECL.

8

Case No. 13 CV 0328 BTM BLM

of this information as he admits he printed the information from third-party websites.  Second, even assuming everything on the exhibit is true, all it would show is general traffic to four particular websites at the country, not state, level. On its face, the exhibit says nothing at all about California. Third, Perfect 10 has not alleged that all of the content on these websites infringe its copyrights, but rather that particular images allegedly on these websites infringe its copyrights.  Thus Dr. Zada engages in pure speculation when he claims that these documents contain any information on particular infringements of Perfect 10 works. The Court should strike and disregard Dr. Zada's personal opinions and speculation.

### I.     Zada Declaration ¶¶ 17-18, Exh. 13; Opp. 21:4-14.

This material is wholly outside the pleadings and lacks proper foundation. Pages 1-7 of the exhibit appear to be a Canadian ruling in an unrelated case.  This material is outside the pleadings and does not fall into any exception.  Dr. Zada also improperly offers his personal opinion as to the legal basis and ramification of the ruling, something he is not qualified to do.  Pages 8-12 appear to be pages cherry-picked from a longer article and are obviously hearsay.  Dr. Zada is not an expert on Canadian or Quebec law and cannot properly contradict the testimony of Jean-Philippe Mikus, a Canadian intellectual property law expert, in this way.  *See* Declaration of Jean-Philippe Mikus (Dkt. No. 14-7), ¶ 30.  The Court should strike and disregard the exhibit and Dr. Zada's opinions and references to it.

### J.     Zada Declaration ¶ 21; Exh. 15; Opp. 4 n.2, 17:1-3.

This material is highly inflammatory and immaterial.  It is also entirely outside the Complaint with no relation to any jurisdictional arguments.  Also, it is, as Dr. Zada admits, hearsay.  The Court should strike and disregard this material.

### K.     Zada Declaration ¶ 22, Exh. 16.

This material is extrinsic to the Complaint and also immaterial.  Perfect 10 evidently agrees, as it does not cite on this extrinsic material at all in its Opposition. The Court should strike and disregard this material.

**L.     Zada Declaration ¶ 23, Exh. 17; Opp. 6:5-10.**

This material is extrinsic to the Complaint and also immaterial. To the extent Perfect 10 claims this material is relevant to jurisdictional issues, it is wrong. Defendant iWeb Group's trademark applications plainly have no relevance to Perfect 10's copyright claims. The Court should strike and disregard this material.

**M.     Zada Declaration ¶ 24, Exh. 18; Opp. 23:1-8.**

Dr. Zada admits the exhibit is hearsay. In any event, this document says nothing about Quebec or Canadian law, and Dr. Zada's speculation and mischaracterization of the law lacks foundation and is immaterial and improper. *See* Declaration of Jean-Philippe Mikus (Dkt. No. 14-7), ¶ 25 ("It is possible to plead and testify before the Federal Court of Canada and the Quebec Superior Court in both the English and the French language. Perfect 10 would not be forced to prepare its materials for the Court in the French language."). In any event, this paragraph and exhibit are also wholly immaterial because Defendants have offered to stipulate that proceedings in Canada may take place in the English language.

### III.     CONCLUSION

Because the information and exhibits from the Zada Declaration discussed above are outside the four corners of the Complaint, immaterial, or otherwise objectionable, and because the Ward Exhibit is hearsay and lacks foundation, the Court should strike and disregard all items Defendants challenge. The Court should decide Defendants' motion to dismiss without regard to that material.

Dated: June 20, 2013                              FENWICK & WEST LLP

                                                  By: */s/ Andrew P. Bridges*
                                                       Andrew P. Bridges

                                                  Attorneys for Defendants
                                                  IWEB GROUP, INC.,
                                                  IWEB INTELLECTUAL PROPERTY,
                                                  INC., and
                                                  IWEB TECHNOLOGIES, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OBJECTIONS TO ZADA
DECL. AND EXHS., AND TO EXHIBIT 1
OF LOCKE DECL.                              10                         Case No. 13 CV 0328 BTM BLM