Eric J. Benink, Esq., SBN 187434
eric@kkbs-law.com
KRAUSE KALFAYAN BENINK & SLAVENS, LLP
550 West C Street, Suite 530
San Diego, CA 92101
P 619.232.0331 | F 619.232.4019

Natalie H. Locke, Esq., SBN 261363
natalie@perfect10.com
Lynell D. Davis, Esq., SBN 271152
lynell@perfect10.com
PERFECT 10, INC.
11803 Norfield Court
Los Angeles, CA 90077
P 310.476.0794 | F 310.476.8138

Attorneys for Plaintiff Perfect 10, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>IWEB GROUP, INC., a Canadian company d/b/a iWeb.com; IWEB INTELLECTUAL PROPERTY, INC., a Canadian company d/b/a iWeb.com; IWEB TECHNOLOGIES, INC., a Canadian company d/b/a iWeb.com; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No.: 13 CV 0328 BTM BLM<br><br>**PLAINTIFF PERFECT 10, INC.'S OBJECTION TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Judge: Honorable Barry Ted Moskowitz<br>Ctrm:  15B |

Perfect 10, Inc. ("Perfect 10") respectfully submits this objection and response to Defendants' iWeb Group, Inc. ("iWeb Group"), iWeb Intellectual Property, Inc. ("iWeb IP"), and iWeb Technologies Inc. ("iWeb Technologies") (collectively, "iWeb" or "Defendants"), Notice of Supplemental Authority in Support of Motion to Dismiss Complaint (Dkt. 34) ("Notice").

Perfect 10 objects to iWeb's Notice because portions of it constitute improper supplemental briefing to the Court on iWeb's Motion to Dismiss in violation of Local Rule 7.1. iWeb's Notice does more than just point the Court to legal authority, it includings improper briefing on such authority. In addition, Defendants "Notice" was improperly filed via ECF as a "Motion to Supplement Legal Authority" and iWeb did not obtain a hearing date for such a "Motion" from this Court's law clerk in direct violation with Civil Local Rule 7.1 b. For these reasons, Perfect 10 respectfully requests the Court strike iWeb's improper Notice.

Should the Court consider iWeb's Notice a motion, Perfect 10 requests that iWeb be required to obtain a proper hearing date and that Perfect 10 have the opportunity to file an opposition in accordance with Local Rule 7.1.

To the extent that the Court considers iWeb's Notice, Perfect 10 responds as follows:

Contrary to Defendants contention, the ruling in *Perfect 10 v. Yandex N.V.,* Case No. 12-01521 (N.D. Cal. July 12, 2013) ("*Perfect 10 v. Yandex*"), to which they refer, supports Perfect 10's position, not iWeb's, at least for Perfect 10's contributory liability claims.

First, the Yandex ruling makes clear that one of the three ways to establish subject matter jurisdiction for the purposes of contributory liability, is evidence of downloads by U.S. users, ***regardless of the location of defendant's servers.*** The Yandex ruling makes clear that the location of iWeb's servers in Canada is not sufficient to dismiss the case at this point. The Yandex ruling states, "Thus, contributory liability can exist regardless of the location of the defendant's servers as

long as the underlying direct infringements occurred in the United States." Notice Exh. 1, 13:11-12.

In its FAC, Perfect 10 alleged that "individuals from all over the world, including in San Diego County, have viewed or downloaded unauthorized Perfect 10 images hosted by Defendants tens of millions of times" (emphasis added). FAC 2:18-20. As Perfect 10 explained in its Opposition to iWeb's Motion to Dismiss at 18:10-24:

> The acts of uploading and downloading are each independent grounds of copyright infringement liability. Uploading a copyrighted content file to other users (regardless of where those users are located) violates the copyright holder's § 106(3) distribution right. Downloading a copyrighted content file from other users (regardless of where those users are located) violates the copyright holder's § 106(1) reproduction right. *A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1014 (9th Cir. 2001). Accordingly, Plaintiffs need only show that United States users either uploaded or downloaded copyrighted works.

*Columbia Pictures Indus. v. Fung*, 2009 U.S. Dist. LEXIS 122661, at *29-30 (C.D. Cal. Dec. 21, 2009); *see also Blue Ribbon Pet Prods., Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F.Supp.2d 454, 462-64 (E.D.N.Y. 1999) (in case involving **Canadian parent** company subject to U.S. copyright law, court found defendant could "be liable for contributory infringement, even for acts committed outside the United States…by supplying such other person with the instruments committing the infringement, provided defendant knew or should have known that the other would or could reasonably be expected to commit the infringement").

In addition, Perfect 10's FAC alleges that iWeb has hosted multiple websites operated by U.S. infringers, including altbinaries.com, celebrity-desktop-wallpaper.com, celebritypc.com, as well as websites picfoco.com, hotlinkimage.com,

1  that used U.S. addresses.  See FAC 5:26-6:8.  This allegation also is sufficient, at this
2  stage, to support U.S. subject matter jurisdiction regarding iWeb's contributory
3  liability for hosted infringing images uploaded to its servers from U.S. operators whose
4  websites it hosts.  The Yandex Court did not dismiss the contributory claims in this
5  instance.  Notice Exh. 1, 15:14-15.

6  　　　In their Notice at 1:19-22, iWeb makes the improper and incorrect claim that
7  contributory liability requires that the contributory infringer intentionally induced or
8  encouraged direct infringement.  This is in fact, improper briefing on iWeb's Motion to
9  Dismiss in violation with the Local Rules.  That is simply not the law, nor do the three
10 lines to which iWeb cites from the Yandex ruling stand for the proposition that
11 contributory liability cannot be established by the normal standard of knowledge and
12 material contribution.  *See Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1172 (9th
13 Cir. 2007) ("a computer system operator can be held contributorily liable for copyright
14 infringement if it has actual knowledge that specific infringing material is available
15 using its system and can take simple measures to prevent further damage to
16 copyrighted works, yet continues to provide access to infringing works").

17 　　　As Perfect 10 noted in its Opposition to iWeb's Motion to Dismiss, the facts and
18 circumstances of this case are almost identical to those in *Louis Vuitton Malletier, S.A.*
19 *v. Akanoc Solutions, Inc.* ("*Louis Vuitton*"), 658 F.3d 936, 943-944 (9th Cir. 2011).  In
20 *Louis Vuitton*, a hosting company who failed to respond to notices of infringement was
21 found guilty of willful contributory copyright infringement, and the Ninth Circuit
22 found that intent may be imputed as a result of a service provider's knowing failure to
23 prevent infringing actions.  *Louis Vuitton,* 658 F.3d at 948.

24 　　　Finally, Perfect 10's case against Yandex is proceeding toward trial.  It
25 certainly has not been dismissed.  "A portion of Perfect 10's claims for
26 contributory and vicarious liability remain in the case and shall proceed to trial."
27 Notice Exh. 1, 16:9-11.  The Giganews case iWeb cites to, *Perfect 10, Inc. v.*
28 *Giganews, Inc.*, Case No. 11-7098 (C.D. Cal., July 10, 2013) is also moving

Perfect 10's Objection to iWeb's Notice of Supplemental Authority

1  forward for Perfect 10's claims of direct, contributory, and vicarious
2  infringement.  See Notice Exh. 2, p. 23.
3      In this case, as part of its discovery requests, Perfect 10 will request a forensic
4  examination of iWeb servers to verify that downloads of iWeb hosted Perfect 10
5  images have been made by U.S. users.   Because Perfect 10 has alleged that millions of
6  such U.S. downloads have occurred [FAC 2:18-20], there is no basis for this case's
7  dismissal.

Dated: July 24, 2013

    Respectfully submitted,
    PERFECT 10, INC.

By: _____
Natalie Locke
Attorney for Plaintiff, Perfect 10, Inc.